RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/22/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **OSCAR HILLS IV** | **DOCKET NO. 1:12-CV-3061; SEC. P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se Petitioner, Oscar Hills IV, a federal prisoner currently confined at United States Penitentiary - Pollock, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the legality of his conviction in the Middle District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

Petitioner was indicted on four counts of wire fraud in violation of 18 U.S.C. §1343. Petitioner entered a plea of not guilty. On the second day of the non-jury trial, Petitioner and the government entered into a plea agreement. Petitioner pled guilty to all four counts of the indictment ON April 27, 2010. [MDLA 3:09-CR-46] On June 23, 2010, Petitioner filed a pro se motion to withdraw his guilty plea, claiming that he had been intimidated or coerced into pleading guilty. [MDLA 3:09-CR-46, Doc. #33] A hearing on Petitioner's motion was conducted on July 12, 2010. Petitioner was not represented by counsel at the

hearing.  The judge denied the motion at the end of the hearing.  [MDLA 3:09-CR-46, Doc.#37, 38]

On March 17, 2011, Petitioner was sentenced to a term of thirty-three months for each count, to run concurrently.  [MDLA 3:09-CR-46, Doc. #54]  Petitioner was ordered to self-report on May 23, 2011.  [Doc. #57]  On May 26, 2011, Petitioner filed a pro se Motion to Vacate pursuant to 28 U.S.C. §2255.  On January 4, 2012, the Motion to Vacate was denied.  [MDLA 3:09-CR-46, Doc. #88,89]  On January 12, 2012, Petitioner filed a motion for certificate of appealability.

On June 25, 2012, the Fifth Circuit Court of Appeal granted in part Petitioner's motion for certificate of appealability with respect to whether his Fifth and Sixth Amendment rights were violated when the trial court did not address his request for appointed counsel in connection with the plea withdrawal hearing, and when the trial court allowed Petitioner to proceed pro se at the hearing without first ensuring that his decision to proceed pro se was knowingly and intelligently.  [Fifth Circuit Court of Appeal Case #12-30071, Document #00511899272]  The United States filed a motion in the Fifth Circuit conceding that, after reviewing the record on appeal, the district court failed to address the defendant's request for counsel.  [Fifth Circuit Case #12-30071, Document #00511962847]

In October 2012, the Fifth Circuit granted the United States'

motion to remand the case for a limited purpose of determining whether the district court would allow the defendant to proceed pro se, to hire an attorney, or to be appointed an attorney in a plea withdrawal hearing. The Section 2255 case is now back before the court in the Middle District of Louisiana. An attorney has now been appointed to represent Petitioner, and an evidentiary hearing is set for April 15, 2013. [MDLA 3:09-CR-46, Doc.#131, 132]

### *Law and Analysis*

In the present case, Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his guilty plea and conviction. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at or prior to sentencing. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). A motion to vacate, set aside or correct sentence must be filed in the district where the person seeking relief was sentenced. Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987).

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking the conviction only if it appears that

the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective. See Tolliver, 211 F.3d at 878.

Petitioner has filed a Section 2255 motion in the Middle District of Louisiana, which was remanded on one issue by the Fifth Circuit. The issue is currently pending in the Middle District of Louisiana and is set for hearing in April. Petitioner cannot meet his burden to show the inadequacy or ineffectiveness of a motion under Section 2255 as the matter has yet to be decided.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction.**

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely**

objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Thus done and signed at Alexandria, Louisiana, this 21st day of March, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE